Brian H. Gunn (SBN 192594)
bhgunn@wolfewyman.com
Marcus T. Brown (SBN 255662)
mtbrown@wolfewyman.com
WOLFE & WYMAN LLP
2175 N. California Blvd., Suite 645
Walnut Creek, California 94596-3502
Telephone:  (925) 280-0004
Facsimile:   (925) 280-0005

Attorneys for Defendants
PNC BANK, N.A. (sued as "National City Mortgage Co. d/b/a
PNC Mortgage, an unknown business entity"); and
DEUTSCHE BANK TRUST COMPANY AMERICAS AS
TRUSTEE RALI 2007-QS3

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VEOMANY MAOMANIVONG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CITY MORTGAGE CO. d/b/a PNC Mortgage, an unknown business entity; DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2007-QS3, an unknown business entity; CAL-WESTERN RECONVEYANCE LLC, a limited liability company; and DOES 1-20, Inclusive,<br><br>Defendants. | Case No.: 4:13-cv-05433-DMR<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS PNC BANK, N.A., AND DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS TO DISMISS PLAINTIFF'S COMPLAINT AND EACH OF PLAINTIFF'S CLAIMS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 8, 2014<br>Time: 11:00 a.m.<br>Place: Courtroom 4, 3rd Floor |

**TO PLAINTIFF AND HER ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE** that, on May 8, 2014, at 11:00 a.m., in Courtroom 4, 3rd Floor, of the court located at 1301 Clay Street, Oakland, California 94612, the court will hear the motion by Defendants PNC BANK, N.A., (sued as "National City Mortgage Co. d/b/a PNC Mortgage, an unknown business entity") ("PNC") and DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2007-QS3 ("Deutsche Bank") (collectively, "Defendants") to dismiss Plaintiff's complaint and each of her claims.

---

1

**MOTION BY PNC & DEUTSCHE BANK TO DISMISS PLAINTIFF'S COMPLAINT   CV-05433-DMR**

Defendants jointly and severally move pursuant to *Federal Rule of Civil Procedure* 12(b)(6) to dismiss Plaintiff's complaint and each of her claims on the ground that Plaintiff has not stated a claim against either of the Defendants upon which relief may be granted.

DATED: April 1, 2014   WOLFE & WYMAN LLP

By: ___/s/ *Marcus T. Brown*___
BRIAN H. GUNN
MARCUS T. BROWN
**Attorneys for Defendants
PNC BANK, N.A. (sued as "National City Mortgage Co. d/b/a PNC Mortgage, an unknown business entity"); and DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2007-OS3**

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. STATEMENT OF THE ISSUES ..........................................................................................1

III. FACTS ..................................................................................................................................2

IV. ARGUMENT........................................................................................................................3

    A. Standards of Pleading and 12(b)(6) Motions..............................................................3

    B. California Law Governing Non-Judicial Foreclosure ................................................4

    C. Plaintiffs Has Not Stated a Claim for Violation of California Civil Code Section 2924(a)(6) Because (1) the Statute Does Not Authorize a Private Right of Action, (2) Plaintiff Has Not Alleged Tender of Her Loan Obligation, and (3) Plaintiff's Allegations Do Not Show any Prejudicial Violation of the Statute. ......................................................................................................................5

    D. Plaintiff Has Not Stated a Claim for Violation of California Civil Code Section 2934a(e) Because (1) the Statute Does Not Authorize a Private Right of Action, (2) Plaintiff Has Not Alleged Tender of Her Loan Obligation, and (3) Plaintiff's Allegations Do Not Show any Prejudicial Violation of the Statute. ......................................................................................................................6

    E. Plaintiff Has Not Stated a Claim for Violation of California Civil Code Section 2923.6. ...........................................................................................................7

    F. Plaintiff Has Not Stated a Claim for Violation of California Civil Code Section ........................................................................................................................8

    G. Plaintiff Has Not Stated a Claim for Promissory Estoppel. .......................................9

    H. Plaintiff Has Not Stated a Claim for Negligence or Negligence Per Se.....................9

    I. Plaintiff Has Not Stated a Claim for Violation of California Business & Professions Code Section 17200. ..............................................................................11

V. CONCLUSION ...................................................................................................................12

# TABLE OF AUTHORITIES

Page

**Cases**

Abdallah v. United Savings Bank
   (1996) 43 Cal.App.4th 1101, 1109..................................................................................6

Aceves v. U.S. Bank, N.A.
   (2011) 192 Cal.App.4th 218, 227....................................................................................9

Ashcroft v. Iqbal,
   129 S.Ct. 1937, 1949 (2009) ...........................................................................................4

Balistreri v Pacifica Police Dept.,
   901 F.2d 696, 699 (9th Cir. 1990)...................................................................................3

Bell Atlantic Corp. v. Twombly,
   127 S.Ct. 1955, 1964-1965 (2007)..................................................................................3

Bergman v. Bank of America
   (N.D. Cal., Oct. 23, 2013, C-13-00741 JCS) 2013 WL 5863057 (dictum) ....................5

C & K Engineering Contractors v. Amber Steel Co.
   (1978) 23 Cal.3d 1, 6........................................................................................................9

Carson v. Bank of America, N.A.
   (E.D. Cal., Dec. 5, 2012, 2:12-CV-00739-MCE) 2012 WL 6047372 .............................6

Cleveland v. Deutsche Bank Nat. Trust Co.
   (S.D. Cal. 2009) 2009 WL 250017 ................................................................................10

Connors v. Home Loan Corp.
   (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 48638 * 1, *23 ..............................................10

Debrunner v. Deutsche Bank Nat. Trust Co.
   (2012) 204 Cal.App.4th 433, 443....................................................................................5

Ellsworth v. U.S. Bank, N.A.
   (N.D. Cal. 2012) 908 F.Supp.2d 1063, 1088 ................................................................11

Gomes v. Countrywide Home Loans, Inc.
   (2011) 192 Cal.App.4th 1149, 1154-1155. review denied (May 18, 2011), cert. denied, (U.S. 2011) 132 S.Ct. 419..................................................................................................5

In re Owner Management Service, LLC
   (Bankr. C.D. Cal., Sept. 25, 2012, 1:12-AP-01222-MT) 2012 WL 4480551 ................7

Jenkins v. JP Morgan Chase Bank, N.A.
   (2013) 216 Cal.App.4th 497..........................................................................................11

Khoury v. Maly's of California, Inc.
   (1993) 14 Cal.App.4th 612, 619....................................................................................11

Kruse v. Bank of Am.
   (1988) 202 Cal.App.3d 38, 67.......................................................................................10

# TABLE OF AUTHORITIES

Page

Ladd v. County of San Mateo
    (1996) 12 Cal.4th 913, 917................................................................................................10, 11

Lueras v. BAC Home Loans Servicing, LP
    (2013) 221 Cal.App.4th 49, 67-68 ............................................................................................10

Mabry v. Superior Court
    (2010) 185 Cal.App.4th 208................................................................................................8, 10

Moeller v. Lien
    (1994) 25 Cal.App.4th 822, 830................................................................................................4

NL Industries, Inc. v. Kaplan,
    792 F.2d 896, 898 (9th Cir. 1986)..............................................................................................3

Nymark v. Heart Federal Sav. & Loan Assoc.
    (1991) 231 Cal.App.3d 1089, 1096..........................................................................................10

Pareto v. F.D.I.C.,
    139 F.3d 696, 699 (9th Cir. 1998)..............................................................................................3

Peterson Dev. Co. v. Torrey Pines Bank
    (1991) 233 Cal.App.3d 103, 116-119 ......................................................................................10

Richards v. Harper,
    864 F.2d 85, 88 (9th Cir. 1988)..................................................................................................3

Robertson v. Dean Witter Reynolds, Co.,
    749 F.2d 530, 534 (9th Cir. 1984)..............................................................................................3

Saldate v. Wilshire Credit Corp.
    (E.D. Cal. 2010) 686 F.Supp.2d 1051, 1059-1061....................................................................6

Sipe v. McKenna
    (1948) 88 Cal.App.2d 1001, 1006; accord Grant v. Burr (1880) 54 Cal. 298, 301 ..................6

Valenzuela v. Wells Fargo Bank Nat. Ass'n
    (E.D. Cal., Jan. 28, 2014, CV F 13-1620 LJO JLT) 2014 WL 309438 ....................................5

Wagner v. Benson
    (1980) 101 Cal.App.3d 27, 35..................................................................................................10

**Statutes**

Cal. Civ. Code § 2923.5(a)(1) ..........................................................................................................8

Cal. Civ. Code § 2924(a)(1) .............................................................................................................4

Cal. Civ. Code § 2924(a)(3) .............................................................................................................4

Cal. Civ. Code § 2924c..................................................................................................................... 4

Cal. Civ. Code § 2924h(b)................................................................................................................5

# TABLE OF AUTHORITIES

Page

*California Business & Professions Code* section 17200 .................................................................11

*California Civil Code* section 2923.6 ...............................................................................................2

*California Civil Code* section 2924(a)(6) ................................................................................1, 5, 6

*California Civil Code* section 2924g ................................................................................................4

*California Civil Code* sections 2924, et seq .....................................................................................4

*California Civil Code* section 2934a(e) .......................................................................................2, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants PNC BANK, N.A., (sued as "National City Mortgage Co. d/b/a PNC Mortgage, an unknown business entity") ("PNC") and DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2007-QS3 ("Deutsche Bank") (collectively, "Defendants") submit this memorandum of points and authorities in support of their motion to dismiss Plaintiff's complaint and each of her claims.

### I. INTRODUCTION

With this case, Plaintiff is attempting to delay the foreclosure that may result due to her default under her loan obligation secured by her residence. She alleges both statutory and common law claims.

First, Plaintiff has no private of action to state a number of her claims for violation of various statutes governing non-judicial foreclosure. Where she may have a private right of action, she does not make plausible allegations of any statutory violations by PNC or Deutsche Bank. Second, Plaintiff's claim for promissory estoppel is not supported by allegations of any clear, unambiguous promises or of any detrimental reliance. Third, her negligence claim fails because lenders/loan servicers do not owe any duty of care to the borrowers in loan servicing, loan modification discussions, or foreclosure. Finally, Plaintiff does not have standing to bring her claim for violation of the California Unfair Competition Law ("UCL") because she defaulted before any of the alleged conduct of the defendants occurred; her default is the cause any economic impacts she is experiencing.

### II. STATEMENT OF THE ISSUES

(A) Does an individual plaintiff have a right of action for alleged violation of *California Civil Code* section 2924(a)(6)? (No.)

(B) Does the plaintiff state a claim for violation of section 2924(a)(6) upon which relief may be granted against her lender or loan servicer where (1) she does not allege tender of her loan obligation, (2) she does not allege facts showing that any such violation prejudiced her, and (3) there is no allegation that either the lender or loan servicer was responsible for recording a notice of default or otherwise initiating or commencing a foreclosure? (No.)

(C) Does an individual plaintiff have a right of action for alleged violation of *California Civil Code* section 2934a(e)? (No.)

(D) Does the plaintiff state a claim for violation of section 2934a(e) upon which relief may be granted where (1) she does not allege tender of her loan obligation, (2) she does not allege facts showing that any such violation prejudiced her, and (3) there is no allegation that any trustee's sale has occurred? (No.)

(E) Does the plaintiff state a claim for violation of *California Civil Code* section 2923.6 upon which relief may be granted against her lender or loan servicer where (1) there is no allegation that the lender or loan servicer was responsible for recording a notice of default or notice of sale, (2) the alleged notice of default occurred in 2012, prior to the enactment of the relevant provision, and (3) there is no allegation that a trustee's sale has occurred? (No.)

(F) Does the plaintiff state a claim for promissory estoppel upon which relief may be granted against her lender or loan servicer where (1) there are no allegations of any promises by her lender, (2) the alleged promises by her loan servicer are not clear and unambiguous, and (3) there are no plausible allegations of detrimental reliance on the alleged promises? (No.)

(G) Does an individual plaintiff have standing to claim violations of the UCL by her lender and loan servicer where (1) the alleged violations consist of alleged loan servicing and foreclosure activity and (2) the alleged violations occurred after the plaintiff defaulted on the loan? (No.)

(H) Assuming standing under the UCL for the sake of argument, does a consumer plaintiff state a claim under the UCL upon which relief may be granted for unlawful or unfair conduct where (1) the claim of unlawful conduct is derivative of the plaintiff's other, deficient statutory claims and (2) her allegations of unfair conduct are implausible and lack particularity? (No.)

### III. FACTS

Plaintiff's complaint and each of her claims arise from alleged loan servicing and foreclosure activity following her default under her loan obligation that is secured by her real property. On or

about November 13, 2006, Plaintiff obtained the subject loan.[1] In or about July 2011, Plaintiff began experiencing "financial difficulty," and it became "exceedingly difficult" for Plaintiff to keep up with her payments for the subject loan.[2] In or about October 2011, Plaintiff defaulted on her loan obligation.[3]

Plaintiff alleges that she tried to obtain a modification of the subject loan but was unsuccessful. Thus, she is subject to foreclosure pursuant to the deed of trust that secures the loan.

## IV.   ARGUMENT

### A.   Standards of Pleading and 12(b)(6) Motions

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). The court must decide whether the facts alleged, if true, would entitle the plaintiff to some form of legal remedy. Id. Therefore, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984).

In ruling on a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and determine whether those allegations, if proved, establish a valid claim for relief. See Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); see also Bell Atlantic Corp., 127 S.Ct. at 1965, see also NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, the plaintiff bears the burden of pleading facts sufficient to state a claim, and the court will not supply a central element of a claim that a plaintiff does not plead. Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988).

Conclusions in a complaint will not satisfy a plaintiff's burden of pleading and will not

---

[1] See Plaintiff's verified complaint, filed Nov. 22, 2013, as Document 1-1 ("Complaint"), ¶ 10.
[2] Complaint, ¶ 15.
[3] Complaint, ¶ 19.


survive a motion to dismiss. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### B. California Law Governing Non-Judicial Foreclosure

The right to non-judicially foreclose upon real property pursuant to a power of sale in a deed of trust is governed comprehensively by *California Civil Code* sections 2924, et seq. Moeller v. Lien (1994) 25 Cal.App.4th 822, 830. The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser. Id.

When the borrower/trustor defaults, the statutory process of non-judicial foreclosure begins with the notice of default and election to sell by the beneficiary or the trustee of the deed of trust[4] or an agent of the beneficiary or trustee. *Cal. Civ. Code* § 2924(a)(1); see Moeller, 25 Cal.App.4th at 830. The notice provides the amount that must be paid to cure the default and provides the borrower a phone number to call to determine the updated amount as time passes. *Cal. Civ. Code* § 2924c. Then, after three months, the foreclosure trustee, beneficiary, or other authorized person gives a notice of the trustee's sale. *Cal. Civ. Code* § 2924(a)(3); see Moeller, 25 Cal.App.4th at 830. The borrower has until five business days prior to the initially scheduled sale date to pay the arrearage and thereby cure the default and reinstate the loan. *Cal. Civ. Code* § 2924c. If the borrower does not timely pay the required amount, the trustee's sale is then conducted, or postponed, pursuant to *California Civil Code* section 2924g. See *Cal. Civ. Code* § 2924(a)(3); Moeller, 25 Cal.App.4th at 830. The trustee's sale consists of an auction, at which the trustee sells the property to the highest bidder. See id. The foreclosing beneficiary may bid at the sale and may use the amount due and

---

[4] The deed of trust trustee is commonly referred to as the "foreclosure trustee."

Case4:13-cv-05433-DMR Document20 Filed04/01/14 Page11 of 18

owing under the loan toward a credit bid. See *Cal. Civ. Code* § 2924h(b).

Because a foreclosure pursuant to a power of sale under the deed of trust is non-judicial, a borrower is not permitted to bring a court action for every alleged violation of the foreclosure statutes. See Gomes v. Countrywide Home Loans, Inc. (2011) 192 Cal.App.4th 1149, 1154-1155. review denied (May 18, 2011), cert. denied, (U.S. 2011) 132 S.Ct. 419. Allowing such actions would improperly interject the courts into the comprehensive non-judicial scheme. See id. at 1154. Accordingly, a borrower must at least establish resulting prejudice from a violation the foreclosure statutes in order to seek judicial relief. See Debrunner v. Deutsche Bank Nat. Trust Co. (2012) 204 Cal.App.4th 433, 443.

C. **Plaintiff Has Not Stated a Claim for Violation of California Civil Code Section 2924(a)(6) Because (1) the Statute Does Not Authorize a Private Right of Action, (2) Plaintiff Has Not Alleged Tender of Her Loan Obligation, and (3) Plaintiff's Allegations Do Not Show any Prejudicial Violation of the Statute.**

Plaintiffs' first claim is for violation of *California Civil Code* section 2924(a)(6).

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

*Cal. Civ. Code* § 2924(a)(6). The servicer of a loan has authority to foreclose under this provision. Bergman v. Bank of America (N.D. Cal., Oct. 23, 2013, C-13-00741 JCS) 2013 WL 5863057 (dictum). Similarly, a written substitution of the foreclosure trustee established the authority of the trustee to foreclose under section 2924(a)(6). Valenzuela v. Wells Fargo Bank Nat. Ass'n (E.D. Cal., Jan. 28, 2014, CV F 13-1620 LJO JLT) 2014 WL 309438; Rios v. Bank of America (E.D. Cal., Nov. 27, 2013, 2:12-CV-02439-KJM-AC) 2013 WL 6199145.

First, Plaintiff's claim under section 2924(a)(6) fails because Plaintiff has no private right of action under the statute to challenge the authority of the foreclosing party. "[N]owhere does [section 2924(a))] provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action." Gomes, 192

5
MEMORANDUM OF POINTS AND AUTHORITIES – CV 05433 DMR

1 | Cal.App.4th at 1155.

2 | Secondly, Plaintiff acknowledges her secured loan obligation and that she has defaulted, but she does not plead that she is ready, willing, or able to tender her secured loan obligation in connection with her claims. A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." <u>Abdallah v. United Savings Bank</u> (1996) 43 Cal.App.4th 1101, 1109; <u>Carson v. Bank of America, N.A.</u> (E.D. Cal., Dec. 5, 2012, 2:12-CV-00739-MCE) 2012 WL 6047372. To maintain causes of action for alleged irregularities in a pending non-judicial foreclosure, the borrower must first do equity by tendering the amounts necessary to cure her default. <u>Saldate v. Wilshire Credit Corp.</u> (E.D. Cal. 2010) 686 F.Supp.2d 1051, 1059-1061. "[A] party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust ..." <u>Sipe v. McKenna</u> (1948) 88 Cal.App.2d 1001, 1006; accord <u>Grant v. Burr</u> (1880) 54 Cal. 298, 301.

Finally, Plaintiff's allegations do not plausibly show any violation of section 2924(a)(6) by PNC or Deutsche Bank, certainly not a prejudicial one. Plaintiff's allegations show that PNC is her loan servicer. She makes numerous allegations that she was trying get a modification of her loan, from PNC. This shows that PNC has been authorized to proceed with the foreclosure under section 2924(a)(6), not the opposite. Similarly, Plaintiff acknowledges that PNC's predecessor by merger, National City Bank was both the original beneficiary and the trustee. Finally, there is simply no allegation that either Deutsche Bank or PNC caused a notice of default to be recorded or otherwise initiated the foreclosure process, or that either of them lacks the authority to do so. Plaintiff's allegations in support of this statutory claim are limited to questions regarding the authority of Defendant CAL-WESTERN RECOVENYANCE LLC ("Cal-Western"), not PNC or Deutsche Bank.

**D. Plaintiff Has Not Stated a Claim for Violation of California Civil Code Section 2934a(e) Because (1) the Statute Does Not Authorize a Private Right of Action, (2) Plaintiff Has Not Alleged Tender of Her Loan Obligation, and (3) Plaintiff's Allegations Do Not Show any Prejudicial Violation of the Statute.**

Plaintiff's second claim, for violation of California Civil Code section 2934a(e) fails for the same reasons.

> Notwithstanding any provision of this section or any provision in any deed of trust, unless a new notice of sale containing the name, street address, and telephone number of the substituted trustee is given pursuant to Section 2924f after execution of the substitution, any sale conducted by the substituted trustee shall be void.

*Cal. Civ. Code* § 2934a(e). By its terms, this statute cannot have any effect unless and until there has been a "sale conducted by the substituted trustee." Id.

Thus, the first reason this claim fails is that there are no allegations indicating that the statute could have been violated by any defendant, let alone PNC or Deutsche Bank. There is simply no allegation that any sale has been conducted at all. Instead, it appears that the foreclosure process was started but has not proceeded to sale.

Moreover, as with the other foreclosure statutes, there is no indication that the California Legislature authorized a private right of action under the statute. "*California Civil Code* section 2934a does not provide for a private right of action for a borrower to challenge the validity of a substitution of trustee ..." In re Owner Management Service, LLC (Bankr. C.D. Cal., Sept. 25, 2012, 1:12-AP-01222-MT) 2012 WL 4480551.

Third, Plaintiff has not alleged facts showing that any violation of section 2934a(e) could have prejudiced her.

Finally, as explained above, Plaintiff would have to tender her loan obligation to maintain this claim but has not alleged any ability to do so.

### E. Plaintiff Has Not Stated a Claim for Violation of California Civil Code Section 2923.6.

Unlike Plaintiff's first two claims, her third claim, for violation of *California Civil Code* section 2923.6 is supported by a limited statutory right of action. *Cal. Civ. Code* § 2923.12. However, she has not plausibly alleged that either PNC or Deutsche Bank violated the provision.

The provisions of section 2923.6 which Plaintiff invokes were added effective January 1, 2013. These provisions prohibit the recording of a notice of default or notice of sale, or the conducting of a trustee's sale while a "complete first lien loan modification application is pending." *Cal. Civ. Code* § 2923.6(c).

There are no plausible allegations showing that PNC or Deutsche Bank violated this

7

provision. The notices of default and of sale alleged by Plaintiff were, according to her allegations, done by Cal-Western, not by PNC or Deutsche Bank. Moreover, the alleged notice of default occurred in 2012, long before section 2923.6(c) became effective. Finally, there is no allegation that a trustee's sale has occurred.

### F. Plaintiff Has Not Stated a Claim for Violation of California Civil Code Section 2923.5.

*California Civil Code* section 2923.5 provides for a foreclosing beneficiary, or the servicer or an agent, to contact, or attempt with due diligence to contact, a borrower prior to issuing a notice of default, to discuss the borrower's financial situation and options to avoid foreclosure. *Cal. Civ Code* § 2923.5. The statute further provides for a declaration of compliance with the statute to be attached to the notice. Id. The right of action under the statute is limited to injunctive relief against a trustee's sale until compliance. Mabry v. Superior Court (2010) 185 Cal.App.4th 208.

Plaintiff's allegations acknowledge that PNC discussed foreclosure avoidance options prior to the notice of default. However, she complains, "Defendants never discussed the array of non-foreclosure options that were actually available, such as reinstatement, short sale, or bankruptcy.

There is no such explicit requirement under the language of the statute. It requires the servicer to "explore options for the borrower to avoid foreclosure." *Cal. Civ. Code* § 2923.5(a)(2). This requirement is narrowly construed and is satisfied by, for example, "telling the borrower the traditional ways that foreclosure can be avoided (e.g., deeds 'in lieu,' workouts, or short sales) ..." Mabry, supra, 185 Cal.App.4th at 232. Thus, Plaintiff has not plausibly alleged any violation of section 2923.5 by PNC or Deutsche Bank.

Moreover, section 2923.5 prohibits the recording of a notice of default until there is compliance with the statute. *Cal. Civ. Code* § 2923.5(a)(1). Therefore, even if Plaintiff could show there was a violation of the statute, she has still failed to state a claim against PNC or Deutsche Bank because there is no plausible allegation that PNC or Deutsche Bank recorded a notice of default. Plaintiff alleges Cal-Western was responsible for the notice of default.

///

///

G. **<u>Plaintiff Has Not Stated a Claim for Promissory Estoppel.</u>**

To sue and recover for promissory estoppel, the plaintiff must show "[a] promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." <u>C & K Engineering Contractors v. Amber Steel Co.</u> (1978) 23 Cal.3d 1, 6. The promise must be clear and unambiguous to support such a claim, however. <u>Aceves v. U.S. Bank, N.A.</u> (2011) 192 Cal.App.4th 218, 227.

Against Deutsche Bank, there are no allegations of any promises whatsoever, so the claim against Deutsche Bank should be dismissed.

The claim against PNC should be dismissed as well. Plaintiff first alleges that "Ms. Williams" told her in February 2012 to apply for a loan modification instead of reinstating, assuring Plaintiff that she qualified. Plaintiff alleges she was ready to reinstate the loan at the time. This is insufficient to state a claim because Plaintiff's allegations do not specify her reliance, if any. Furthermore, the allegations do not show that the alleged promise was clear and unambiguous. Plaintiff alleges only that she received an assurance that she qualified for a modification, not that she would actually receive one or what the terms would be.

Secondly, Plaintiff alleges that PNC promised in 2013 to not proceed with the foreclosure, and she claims that she relied on the promise by refraining from taking other steps to avoid foreclosure, such as reinstating, or filing for Chapter 13 bankruptcy. Plaintiff's attempts to allege reliance in this regard are implausible. She does not clearly state that she could or would have reinstated absent such a promise. And, to the extent she refrained from filing for bankruptcy, such does not constitute sufficient reliance because she remains free to this day to file bankruptcy at any time.

H. **<u>Plaintiff Has Not Stated a Claim for Negligence or Negligence Per Se.</u>**

In order to state a cause of action for negligence, Plaintiffs must allege that: (1) the defendant had a legal duty to conform to a standard of conduct to protect the plaintiffs, (2) the defendant failed to meet this standard of conduct, (3) the defendant's failure was the proximate or legal cause of the resulting injury, and (4) the plaintiffs were damaged. <u>Ladd v. County of San Mateo</u> (1996) 12

1 Cal.4th 913, 917.

2 Plaintiff may not bring a claim for negligence because PNC and Deutsche Bank, as Plaintiff's loan servicer and lender, do not owe her any duty of care as a matter of law. California law is clear that financial institutions (including lenders and servicers) owe no legal duty of care to borrowers such as Plaintiffs. See Peterson Dev. Co. v. Torrey Pines Bank (1991) 233 Cal.App.3d 103, 116-119; Kruse v. Bank of Am. (1988) 202 Cal.App.3d 38, 67; Nymark v. Heart Federal Sav. & Loan Assoc. (1991) 231 Cal.App.3d 1089, 1096; Cleveland v. Deutsche Bank Nat. Trust Co. (S.D. Cal. 2009) 2009 WL 250017.

For example, in Nymark, 231 Cal.App.3d at 1099, the court held that a lender owes no duty of care to the borrower in underwriting a loan and, in particular, in appraising the collateral for the loan. Similarly, a lender has no duty of due care in approving loans for and lending money to inexperienced borrowers, even for risky ventures. Wagner v. Benson (1980) 101 Cal.App.3d 27, 35.

Where the servicing of the loan is at issue, as in this case, the same rule of law applies. A loan servicer owes no duty of care to the borrower in the servicing of the loan, including loan modification and workout discussions and foreclosure. Lueras v. BAC Home Loans Servicing, LP (2013) 221 Cal.App.4th 49, 67-68. There is likewise no duty to offer borrowers a loan modification. See Mabry v. Super. Ct. (Aurora Loan Services) (2010) 185 Cal.App.4th 208, 222-223; see also *Cal. Civ. Code* § 2923.4(a); Connors v. Home Loan Corp. (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 48638 * 1, *23; Pittman v. Barclays Capital Real Estate, Inc. (S.D. Cal. 2009) 2009 U.S. Dist. LEXIS 34885 * 1, *8-*9.

Because Plaintiff's case and her negligence claim against PNC and Deutsche Bank arise out of alleged servicing activity by PNC on behalf of Plaintiff's lender, Deutsche Bank, she will be unable to establish any duty of care as a matter of law, and the claims should be dismissed.

Plaintiff additionally invokes her claims for statutory violations on a theory of negligence per se. While a statute may supply a duty of care to support a negligence claim, Plaintiff's statutory claims against PNC and Deutsche Bank fail as explained above. In addition, Plaintiff does not make any plausible allegations that she has suffered any damages as a result of any statutory violations. Damages resulting from a breach of the particular duty must be shown to state a claim for

negligence. Ladd, 12 Cal.4th at 917.

I. **Plaintiff Has Not Stated a Claim for Violation of California Business & Professions Code Section 17200.**

*California Business & Professions Code* section 17200, known as the "Unfair Competition Law" or "UCL," provides for injunctive relief and restitution for "unlawful, unfair or fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200. A claim for violation of the UCL must be pleaded with reasonable particularity. Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th 612, 619.

Because of the breadth of the UCL, California passed Proposition 64 to limit the standing of individuals to bring lawsuits under the UCL. See Jenkins v. JP Morgan Chase Bank, N.A. (2013) 216 Cal.App.4th 497. There are two elements of the standing requirement under the UCL: (1) the plaintiff must have suffered an economic injury and (2) the economic injury to the plaintiff must have been the result of the unfair or unlawful conduct. Id.

Where, as here, the plaintiff is a borrower claiming a violation of the UCL against her lender or loan servicer, the borrower cannot sue under the law for loan servicing or foreclosure conduct that occurred *after* the borrower defaulted on the loan. Jenkins, 216 Cal.App.4th 497. In that case, the borrower-plaintiff cannot satisfy the strict standing requirement because, as a matter of law, the cause of any economic impacts on the plaintiff was the plaintiff's default under the loan, not any conduct of her lender/loan servicer. Id.

Because it appears that Plaintiff defaulted on the loan before the alleged servicing conduct of PNC and Deutsche Bank, she does not have standing under the UCL, as a matter of law.

In addition, Plaintiff's claims of unlawful acts or practices are based on her claims for statutory violations, which are insufficient against PNC and Deutsche Bank as explained above.

Regarding Plaintiff's claims for "unfair" practices, the definition of what constitutes "unfair" conduct in consumer cases is open to debate. See Ellsworth v. U.S. Bank, N.A. (N.D. Cal. 2012) 908 F.Supp.2d 1063, 1088 (discussing three lines of California cases on the subject). Regardless, Plaintiff has no standing, as explained above. Furthermore, her allegations do not establish unfairness with the required plausibility or particularity under any of the possible definitions of

"unfair."

To the extent Plaintiff claims that PNC or Deutsche Bank is vicariously liable under the UCL: "the concept of vicarious liability has no application to actions brought under the [UCL]." Emery v. Visa Int'l Serv. Ass'n (2002) 95 Cal.App.4th 952, 960.

## V. CONCLUSION

Plaintiff has not stated any claim against her lender, Deutsche Bank, or her loan servicer, PNC. The foreclosure she faces is a result of her admitted default under the loan obligation she acknowledges, not because of any actionable conduct of the defendants. For the reasons stated above, PNC and Deutsche Bank jointly and severally request that the Court grant their motion, dismiss Plaintiff's complaint, and deny Plaintiff leave to amend.

DATED: April 1, 2014                    WOLFE & WYMAN LLP

                                        By:    /s/ Marcus T. Brown
                                            BRIAN H. GUNN
                                            MARCUS T. BROWN
                                        **Attorneys for Defendants**
                                        **PNC BANK, N.A. (sued as "National City Mortgage Co. d/b/a PNC Mortgage, an unknown business entity"); and DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RALI 2007-OS3**

12

MEMORANDUM OF POINTS AND AUTHORITIES – CV 05433 DMR

1652654.1