United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEOMANY MAOMANIVONG,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>NATIONAL CITY MORTGAGE CO., ET AL.,<br><br>　　　　Defendant(s).<br>_____/ | No. C-13-05433 DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [DOCKET NO. 26]** |

　　　Before the court is a motion by Plaintiff Veomany Maomanivong for leave to file a First Amended Complaint ("FAC"). ["Motion," Docket No. 26.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's motion is **granted.**

## I. BACKGROUND

　　　In November 2006, Plaintiff took out a mortgage on her home in Santa Rosa, California. Compl. [Docket No. 1-1] at ¶ 10. Plaintiff filed this lawsuit in state court on October 21, 2013 and removed to federal court by Defendants on November 22, 2013. *See id.*, Notice of Removal [Docket No. 1]. The complaint arises from loan servicing and foreclosure proceedings related to this mortgage and property. It brings seven state law causes of action against Defendants National City Mortgage Co. d/b/a PNC Mortgage ("PNC"), Deutsche Bank Trust Company Americas as Trustee RALI 2007-QS3 ("Deutsche Bank"), and Cal-Western Reconveyance LLC. *See generally id.*

On April 1, 2014, Defendants PNC and Deutsche Bank brought a motion to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket No. 20.] Instead of opposing this motion, Plaintiff filed a notice of non-opposition and expressed her intention to file an amended complaint. [Docket No. 22.] Under Federal Rule of Civil Procedure 15(a)(1), Plaintiff could file an amended complaint by April 22, 2014 without a court order or without Defendants' consent. *See* Fed. R. Civ. P. 15(a)(1) (party may amend pleading without court order within 21 days after service of a motion under Rule 12(b)). However, Plaintiff failed to file an amended complaint by this date.

On April 29, 2014, this court issued an order requiring Plaintiff to show cause for her failure to file an amended complaint. [Docket No. 23.] Plaintiff timely responded to the order and stated that her failure to timely file an amended complaint was the result of clerical error. [Docket No. 24.] Accordingly, the court discharged its previous order to show cause and required Plaintiff to file either a motion seeking leave of the court to file an amended complaint or the written consent of Defendants to Plaintiff filing an amended complaint, as well as any amended complaint, by May 14, 2014. [Docket No. 25.]

On May 14, 2014, Plaintiff filed the instant motion as well as a proposed FAC. *See* Docket Nos. 26, 27. Defendants PNC and Deutsche Bank timely opposed the motion. [Docket No. 32.] Plaintiff did not timely file a reply to the opposition.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that the court should "freely give leave when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v.*

1  *Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980,
2  986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of
3  prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at
4  1052.

5      Plaintiff contends that each of these considerations weigh in favor of granting leave to
6  amend. Plaintiff has not previously sought to amend her complaint, and this amendment seeks to
7  add only factual allegations rather than new claims or parties. Plaintiff contends that missing the
8  deadline to amend without a court order was a result of clerical error, not bad faith or undue delay.
9  Plaintiff also contends that permitting her to file the FAC now would not prejudice Defendants, as it
10 would come before any deadlines have been set in this matter. Finally, Plaintiff argues that
11 amendment would not be futile as the "FAC has clarified the basis for which she seeks relief."
12 Motion at 6.

13     In response, Defendants PNC and Deutsche Bank have filed a short opposition referring the
14 court back to the earlier-filed motion to dismiss for arguments that any amendment would be futile.
15 Opp. at 3-4. It is true that "[t]he standard to be applied [in determining the futility of an amendment]
16 is identical to that on a motion to dismiss for failure to state a claim." *FlatWorld Interactives LLC v.*
17 *Apple Inc.*, 12-CV-01956-WHO, 2013 WL 6406437 at *3 (N.D. Cal. Dec. 6, 2013). *See also Miller*
18 *v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if
19 no set of facts can be proved under the amendment to the pleadings that would constitute a valid and
20 sufficient claim or defense.") (citation omitted). However, Defendants' opposition is deficient for
21 several reasons. First, it fails to identify and cite to the differences between the original Complaint
22 and the FAC. Second, it fails to specifically analyze how these differences do or do not affect
23 Defendants' motion to dismiss arguments. Finally, it raises arguments regarding the futility of three
24 of the seven claims, whereas the motion to dismiss sought dismissal of all claims; Defendants do not
25 claim that their motion to dismiss arguments regarding the remaining four claims still apply in light
26 of the proposed amendments to the allegations. These deficiencies leave the court guessing as to
27 which arguments from the motion to dismiss apply to the allegations in the proposed FAC.

28     Granting leave to amend does not necessarily mean that the underlying allegations ultimately

3

have merit. Rather, "[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (original emphasis). Here, Defendants do not claim that any prejudice would result from permitting Plaintiff to file the FAC. Accordingly, Plaintiff's motion for leave to file the FAC is **granted**, and the document filed as Plaintiff's proposed FAC [Docket No. 27] is deemed the operative complaint.

IT IS SO ORDERED.

Dated: June 17, 2014



_____
DONNA M. RYU
United States Magistrate Judge